# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CR-08-166-D<br>CIV-13-217-D |
| ANTONIO DJUAN THOMPSON, | ) ) ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and Memorandum in Support [Doc. Nos. 85-86]. Defendant, appearing *pro se*, seeks relief from a sentence imposed by this Court in 2009. Defendant has previously challenged his conviction and sentence on direct appeal and the Tenth Circuit affirmed the conviction and sentence. *See United States v. Thompson*, 402 Fed. Appx. 378 (10th Cir. 2010). In addition, Defendant has previously been denied relief pursuant to § 2255. *See* Order [Doc. No. 71]. Defendant's subsequent attempts to obtain relief pursuant to § 2255 have also been denied. *See In re Antonio Djuan Thompson*, No. 13-6041, Order (10th Cir. Feb. 25, 2013) (denial of authorization to file a second or successive § 2255 motion); *see also* Order [Doc. No. 84] (dismissing § 2255 motion for lack of jurisdiction as Defendant did not have prior authorization from the Tenth Circuit Court of Appeals to proceed with his second or successive § 2255 motion).

In his current motion, Defendant seeks relief pursuant to two recent Supreme Court decisions, *Moncrieffe v. Holder*, – U.S. –, 133 S.Ct. 1678 (2013) and *Descamps v. United States*, – U.S. – ,133 S.Ct. 2276 (2013) and contends these decisions announce a "new rule of substantive statutory construction." Defendant contends pursuant to these decisions, his state drug convictions

cannot serve as predicates for purposes of a sentence enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Defendant concedes neither decision announces a new rule of constitutional law.

Before a federal defendant may file a second or successive motion under 28 U.S.C. § 2255, he must obtain authorization from the circuit court to proceed. 28 U.S.C. § 2255(h). If the defendant does not obtain prior authorization, the district court lacks jurisdiction to consider his motion. *See, e.g., Stanko v. Davis*, 617 F.3d 1262, 1265-66 (10th Cir. 2010).

The Tenth Circuit has determined in unpublished decisions that claims like those raised by Defendant pursuant to *Descamps* and *Moncrieffe* do not remove Defendant's § 2255 motion from the second or successive prohibition. *See, e.g., United States v. Rogers*, 562 Fed. Appx. 618, 621 (10th Cir. 2014) ("[I]t is clear that Rogers could have brought his *Moncrieffe* claim in his first § 2255 motion. While the Supreme Court had not yet decided that case, nothing prevented Rogers from asserting that his Oklahoma drug convictions did not qualify as aggravated felonies based on the reasoning the Court ultimately applied in *Moncrieffe*. The fact that he, unlike the alien in *Moncrieffe*, did not identify (or chose not to make) the argument, does not establish that he could not have done so."); *see also United States v. Montes*, 570 Fed. Appx. 830, 831 (10th Cir. 2014) (recognizing that *Descamps* "simply applied existing doctrine" and did not recognize a new right); *Glover v. Fox*, 550 Fed. Appx. 592, 594 (10th Cir. 2013) (defendant required to obtain prior authorization to file second or successive § 2255 motion which raised claim based on *Descamps*; defendant failed to demonstrate he could not raise statutory interpretation claim in his initial § 2255 motion), *cert. denied*, – U.S. –, 134 S.Ct. 2737 (2014); *United States v. Copeland*, 539 Fed. Appx. 918 (10th Cir. 2013) (district court properly dismissed § 2255 motion raising claim pursuant to

recent *Decamps* decision for lack of jurisdiction as second or successive).

Although Defendant brings his motion pursuant to § 2255, he also indicates that relief may be available pursuant to 28 U.S.C. § 2241.[1] Defendant attempts to invoke the "savings clause" contained in § 2255(e) on grounds the remedy provided by § 2255 is inadequate or ineffective. Defendant contends the claims he now raises could not have been brought in his prior § 2255 motions and acknowledges that he is otherwise barred from seeking such relief as any subsequent § 2255 motion would be deemed second or successive.

Only in extremely limited circumstances will § 2255 be considered inadequate or ineffective. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Section 2255's remedy is not deemed inadequate or ineffective merely because a prior § 2255 petition was unsuccessful. *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011). Nor does "the mere fact [the petitioner] is precluded from filing a second or successive § 2255 petition" establish the remedy under § 2255 is inadequate. *Caravalho*, 177 F.3d at 1179. Instead, Defendant must show the opportunity to seek a § 2255 remedy was "genuinely absent" before he may properly file a § 2241 petition. *Prost*, 636 F.3d at 588.

Defendant has not demonstrated that his remedy was genuinely absent at the time he filed his first § 2255 motion. *See Glover v. Fox*, 550 Fed. Appx. 592 (10th Cir. 2013) (defendant's claim based on *Descamps* was properly construed by district court as motion arising under § 2255 and not § 2241 because defendant raised statutory interpretation challenge that could have been raised in initial § 2255 motion; fact that claim would be barred in subsequent § 2255 motion as second or

---

[1] Defendant challenges the validity of his conviction – a claim properly brought pursuant to § 2255. Section 2241 governs claims brought by federal inmates challenging the execution or administration of their sentences. *Stanko*, 617 F.3d at 1267.

3

successive did not render the remedy provided by § 2255 inadequate or ineffective). *See also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (fact that petitioner would be precluded from bringing a statutory interpretation argument in a second § 2255 motion did not render § 2255 inadequate or unavailable). Therefore, his claims must be brought pursuant to § 2255 and relief is not available pursuant to § 2241.

Moreover, Defendant's attempt to pursue his claims on grounds of actual innocence or a fundamental miscarriage of justice are unavailing. *See* 28 U.S.C. § 2255(e). The Supreme Court has recognized that a "fundamental miscarriage of justice" allows courts to grant federal habeas relief in spite of procedural bars – such as the bar on second or successive § 2255 motions – where a constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). But Defendant has not shown how his actual innocence or fundamental miscarriage of justice claim could not have been tested in an initial § 2255 motion. As set forth, the arguments he now raises pursuant to *Moncrieffe* and *Decamps* were previously available to him even though the Supreme Court had not yet rendered its decisions.

Accordingly, this Court lacks subject matter jurisdiction to consider Defendant's § 2255 motion. Moreover, the Court finds a transfer of this matter to the Circuit for consideration is not in the interests of justice. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). As set forth, the Tenth Circuit has rejected similar claims as those raised by Defendant and found those claims barred as second or successive.

IT IS THEREFORE ORDERED that Defendant's § 2255 motion [Doc. Nos. 85-86] is DISMISSED for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

4

IT IS FURTHER ORDERED that Defendant's Motion in Support for Leave to File Amended Pleading and/or Supplemental Pleading [Doc. No. 93] and Motion to Compel Government to Respond to Supplemental Pleading [Doc. No. 94] are DENIED as moot.

IT IS SO ORDERED this 8th day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE