UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )
     )
vs.     )   Case No. CR-08-166-D
     )       CIV-13-217-D
ANTONIO DJUAN THOMPSON,     )
     )
     )
     Defendant.     )

# **O R D E R**

Before the Court is Defendant's Motion for Reconsideration of Judgment Entered 1/8/15 [Doc. No. 97]. Defendant, who appears *pro se*, seeks relief from the Order of January 8, 2015 [Doc. No. 95], and resulting Judgment of Dismissal [Doc. No. 96] which dismissed Defendant's motion brought pursuant to 28 U.S.C. § 2255 for lack of jurisdiction as second or successive. Defendant contends the Court's decision constitutes clear error that will result in manifest justice. Contrary to the Court's findings, Defendant claims jurisdiction is not lacking. He further contends his claims were brought pursuant to 28 U.S.C. § 2241 and should be construed as such.

Rule 59(e) motions, like Rule 60(b) motions, constitute second or successive habeas petitions where they simply raise claims already rejected as part of earlier habeas proceedings. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir.2006). Here, Defendant reasserts the claims raised in his § 2255 motion pursuant to *Moncrieffe v. Holder*, – U.S. –, 133 S.Ct. 1678 (2013) and *Descamps v. United States*, – U.S. –, 133 S.Ct. 2276 (2013). As such, the Rule 59(e) motion is properly treated as a second or successive § 2255 motion. *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012). The Court previously determined it lacked jurisdiction over Defendant's claims as such claims were second or successive and that it would not be in the interests of justice to transfer the

matter to the Tenth Circuit for prior authorization.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  For substantially the same reasons as set forth in the Court's January 8, 2015 Order, the Court lacks jurisdiction over Defendant's claims now raised and it is not in the interests of justice to transfer the matter to the Tenth Circuit for prior authorization.

Defendant also states that he made it clear that his petition should be construed as a petition brought pursuant to 28 U.S.C. § 2241.  If a motion includes a claim that falls within the ambit of a "true"motion for relief under Rule 59(e) and other claims that are properly construed as second or successive, the claims must be considered independently.  *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006). Defendant's claim seeking recharacterization of his prior motion as one brought pursuant to 28 U.S.C. § 2241 is properly considered a "true" Rule 59(e) motion.  *See Pedraza*, 466 F.3d at 934 (finding that portion of defendant's Rule 59(e) motion that sought recharacterization of a prior motion was not a motion for relief under § 2255).

The grounds for granting relief from a judgment under Rule 59(e) include: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice."  *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

Plaintiff premises his right to Rule 59(e) relief on grounds such relief is necessary to correct clear error or prevent manifest injustice.  He contends that he sought relief pursuant to § 2241 and

the Court, therefore, has jurisdiction over the claims raised. But the Court addressed the issue of whether relief was available to Defendant pursuant to § 2241 in its January 8, 2015 Order. Plaintiff therefore, simply asks the Court to revisit an issue that was carefully considered and fully addressed in the January 8, 2015 Order. The Court finds Defendant has not advanced sufficient reason to warrant a reconsideration of the prior ruling and declines to grant the relief requested.

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration [Doc. No. 97] is DISMISSED in part for lack of subject matter jurisdiction as a second or successive habeas petition and DENIED in part.

IT IS SO ORDERED this 26th day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE