# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-08-166-D |
| | ) | |
| ANTONIO DJUAN THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 2255, Defendant Antonio Djuan Thompson moves to

vacate his sentence under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192

L.Ed.2d 569 (2015), as made retroactive to cases on collateral review by *Welch v.*

*United States*, __ U.S. __, 136 S. Ct. 1257, 194 L.Ed.2d 387 (2016).[1] The United

States opposes the Motion. For the reasons below, the Court finds Defendant's

Motion should be denied.

Defendant was charged with (1) being a felon in possession of a firearm and

ammunition, in violation of 18 U.S.C. § 922(g)(1) and (2) possession of marijuana,

in violation of 21 U.S.C. § 844(a). A bench trial was held before this Court and

Defendant was convicted on both counts. Prior to the conviction, the United States

provided notice that it intended to seek the imposition of the enhanced penalty

---

[1] Defendant was granted authorization to file a second or successive § 2255 motion
to raise a claim based on *Johnson* [Doc. No. 100].

provisions of the Armed Career Criminal Act ("ACCA") based on Defendant's prior

state convictions for (1) assault with a dangerous weapon (Oklahoma County Case

No. CF-2003-3197); (2) possession of controlled dangerous substance with intent to

distribute (Oklahoma County Case No. CF-2004-2511); and (3) possession of a

controlled dangerous substance with intent to distribute (Oklahoma County Case No.

CF-2005-1909). The presentence investigation report ("PSR") prepared by the

United States Probation Office ("USPO") identified the same three prior offenses in

qualifying the defendant for the ACCA enhancement. *See* PSR, ¶ 29 [Doc. No. 102].

Based on a total offense level of 33 and a criminal history category VI, the advisory

guideline range was 235 to 293 months' imprisonment for Count 1 and 12 months

for Count 2. *See id*. ¶¶ 72-73.

The Court overruled Defendant's objection to the ACCA enhancement,

adopted the PSR without change, and sentenced him to 235 months' imprisonment

on Count 1 and 12 months' imprisonment on Count 2, to be served concurrently.

Defendant appealed his conviction, which was affirmed by the Tenth Circuit. *United

States v. Thompson*, 402 F. App'x 378 (10th Cir. 2010) (unpublished). Since that

time, Defendant has filed numerous post-conviction motions, all of which have been

denied or dismissed by the Court [Doc. Nos. 71, 84, 95, 98]. After receiving

authorization from the Tenth Circuit to file a successive § 2255 motion, Defendant

filed the present motion seeking to vacate his sentence based on the Supreme Court's

decision in *Johnson*.

*Johnson* examined the provisions of the ACCA that mandate a 15-year

minimum sentence for anyone convicted of being a felon in possession of a firearm

who "has three previous convictions ... for a violent felony." 18 U.S.C. § 924(e)(1).

Specifically at issue in *Johnson* was the ACCA's definition of "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year
> ... if committed by an adult, that—
> (i)    has as an element the use, attempted use, or threatened use of
> physical force against the person of another; or (ii) is burglary,
> arson, or extortion, involves use of explosives, *or otherwise
> involves conduct that presents a serious potential risk of physical
> injury to another*[.]

*Id*. § 924(e)(2)(B). The italicized phrase in clause (ii) is commonly known as the

"residual clause," while clause (i) is known as the "elements clause" and the non-

italicized phrase in clause (ii) is known as the "enumerated clause." *See United

States v. Harris*, 844 F.3d 1260, 1262 (10th Cir. 2017). *Johnson* held the residual

clause was unconstitutionally vague. *Id*. at 2557. On April 18, 2016, the Supreme

Court decided in *Welch* that *Johnson* had announced a substantive change in the

criminal law and, therefore, applied retroactively. Thus, pursuant to § 2255,

prisoners sentenced under the residual clause of the ACCA's "violent felony"

definition can collaterally challenge their sentences as unconstitutional. Despite its

clear repudiation of the residual clause, the *Johnson* Court specifically noted its

holding did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563.

Recently, in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017), the Supreme Court concluded that the U.S. Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Id.* at 894. Specifically, the Court held that *Johnson's* vagueness holding did not apply to the "career offender" provisions of the U.S. Sentencing Guidelines.

Defendant alleges his conviction for assault with a dangerous weapon does not constitute a "violent felony."[2] This argument, in essence, depends on a determination that the only way his prior assault conviction qualified as a violent felony was because it fell within ACCA's residual clause and did not qualify under the "elements clause." In response, the government argues that Defendant's prior conviction indeed qualifies as a violent felony under the ACCA's elements clause.

---

[2] Although Defendant's pro se motion argued that his drug convictions failed to qualify as "serious drug offenses," the Supreme Court's opinion in *Johnson* did not affect, or even address, the "serious drug offense" provision of the ACCA. *See, e.g., Neal v. United States*, Case Nos. 3:15-cv-1303, 3:12-cr-167, 2016 WL 3348997, at *3 (M.D. Fla. June 16, 2016) ("[T]he *Johnson* decision did not address, let alone call into question, the definition of the term 'serious drug offense.'").Therefore, the Court's analysis is limited to the application of his conviction for assault with a dangerous weapon. Counsel for Defendant concedes this fact. *See* Def. Reply Br. at 4, n. 2.

At the time of Defendant's conviction, Oklahoma's assault with a dangerous weapon statute provided that such crime occurred where a person "with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony[.]" *See* 21 OKLA. STAT. § 645. Several years prior to *Johnson*, the Tenth Circuit held assault with a dangerous weapon was a "crime of violence"—and thus constituted an aggravated felony— because it has as an element the use, attempted use, and threatened use of physical force against another person and, alternatively, was a felony that involved a substantial risk of physical force. *See United States v. Ortega-Garcia*, 12 F. App'x 897, 899-900 (10th Cir. 2001) (unpublished).

In *United States v. Taylor*, the Tenth Circuit concluded that a defendant's prior conviction under § 645 was a "crime of violence" under the elements clause of the career offender Sentencing Guideline, U.S.S.G. § 4B1.2(a)(1).[3] *United States v. Taylor*, 843 F.3d 1215, 1223-24 (10th Cir. 2016). There, it found the additional element of a dangerous weapon was sufficient to satisfy the requisite violent force

---

[3] The elements clause of § 4B1.2 is identical to that found in the ACCA. *United States v. Crump*, 674 F. App'x 802, 803 (10th Cir. 2017) (unpublished). Therefore, the same analysis is applied to both.

and satisfy the elements clause. *See id.* at 1224-25 ("[R]egardless of the type of 'dangerous weapon' that is employed by a particular defendant, the use of a 'dangerous weapon' during an assault or battery always 'constitutes a sufficient threat of force to satisfy the elements clause' of § 4B1.2(a)(1).") (citing *United States v. Mitchell*, 653 F. App'x 639, 645 (10th Cir. 2016) (unpublished)).

More recently, in *United States v. Schubert*, 694 F. App'x 641 (10th Cir. 2017) (unpublished), the Tenth Circuit re-affirmed *Taylor* and *Mitchell*, and found the defendant's state court convictions for assault with a dangerous weapon and assault and battery with a dangerous weapon constituted violent felonies under the ACCA.[4] Specifically, it found that:

> Battery, under Oklahoma law, can be accomplished with "only the slightest force or touching." Because such slight force suffices for a conviction, Oklahoma battery does not qualify as a violent felony under the ACCA definition applicable here.
> Oklahoma defines assault as "any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another." Under Oklahoma law, an assault can occur either through (1) an attempted battery or (2) a "threatened imminent battery (i.e., an 'offer') with an overt act beyond mere words," which we have called "apprehension-causing assault."

---

[4] The *Schubert* court applied the "modified categorical approach," which occurs when a prior conviction is based on a so-called divisible statute, i.e., one that sets out one or more elements of the offense in the alternative. *Id.* at 644. The court noted that § 645 was divisible—and therefore subject to the approach—because it "criminalizes [1] an assault, battery, or assault and battery with a sharp or dangerous weapon, and in the alternative it criminalizes [2] shooting at another with a gun or similar means." *Id.* at 646 (quoting *Taylor*, 843 F.3d at 1222.

We have held that either form of assault under § 645 qualifies as a violent felony because the statute, besides requiring proof of assault, also contains the dangerous weapon element. Thus, assaults under § 645 categorically require proof of the attempted use or threatened use of violent force and therefore satisfy the ACCA's definition of violent felony.

Together, *Mitchell* and *Taylor* establish that both of Mr. Schubert's § 645 offenses qualify as violent felonies under the ACCA. We concluded assault with a dangerous weapon, Mr. Schubert's first conviction, qualified in *Mitchell*. And *Taylor* held that assault and battery with a dangerous weapon, his second conviction, qualified as well.

*Schubert*, 694 F. App'x at 646 (internal citations omitted).

Defendant contends *Taylor* erroneously relied on *Mitchell* because it (the *Mitchell* decision) failed to properly apply *Mathis v. United States*, __ U.S. __, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) as it relates to the distinction between the means and elements of a crime. *See* Def. Reply at 4-8. However, *Schubert* expressly overruled this precise objection as "unpersuasive." *See id*. at 646.

In light of the Tenth Circuit's clear pronouncement on this issue of law, the Court finds that Defendant's conviction under § 645 qualifies as a "violent felony" under the ACCA, and his Motion to Vacate [Doc. No. 101] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 7th day of December 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE